# EXHIBIT 1

## **CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT**

This Confidential Settlement and Release Agreement ("Agreement") is entered into by and between, Brett Michael Pepper as next friend of McKenzie Pepper and for their heirs, personal representatives and assigns, (collectively "Pepper"), and Cody Adkins and Dwayne Adkins ("the Adkins") and their heirs, representatives, principals, executors, administrators, officers, employees, agents, successors, insurers and assigns (collectively "Released Parties"); and

WHEREAS Pepper brought a claim against the Adkins and others in The United States District Court for the Western District of Michigan, Southern Division, bearing docket no. 1:20-CV-00583 ("Complaint"), alleging assault and battery, intentional infliction of emotional distress, defamation and negligence against Cody Adkins and negligent supervision and a statutory claim against Dwayne Adkins, alleging that Pepper suffered damages including but not limited to personal injury and emotional injury as more fully alleged in the Complaint;

WHEREAS both Cody Adkins and Dwayne Adkins deny that they were in any way responsible or liable for the claims and/or damages claimed by Pepper;

WHEREAS the parties have agreed to resolve their differences as set forth herein:

NOW THEREFORE IN CONSIDERATION of the foregoing, and the agreements, covenants, and conditions herein, and for good and valuable other consideration, the adequacy and sufficiency of which is hereby acknowledged by the parties hereto, Pepper and the Released Parties agree as follows:

1. Released Parties shall cause to be paid to Pepper, by draft made payable to Brett Michael Pepper as next friend of McKenzie Pepper and his attorneys, Thirty Thousand Dollars ($30,000.00) and in full satisfaction of any and all claims Pepper has or could have brought against Released Parties through the present date.

2. Brett Michal Pepper as next friend of McKenzie Pepper releases, acquits, and forever discharges Released Parties, from any and all causes of action, claims, demands, liabilities, suits, damages and rights of any kind or nature whatsoever, in law or in equity, through the date of execution of this Agreement, whether known or unknown, fixed or contingent, including but not limited to claims asserted in the above-referenced litigation.

3. The parties agree that this Agreement is confidential and promise not to reveal any of the contents to any person or entity for any purpose whatsoever except as required by order of a court of competent jurisdiction or as required for financial accounting purposes.

4. The parties understand that this Agreement does not constitute an admission of liability on the part of Released Parties, but is made to resolve the disputes between the parties and liability is expressly denied by all.

1

5. Pepper recognizes that any damages, injuries or illnesses that McKenzie Pepper may have or claims to have sustained as the result of the events alleged in the complaint filed in the above-referenced litigation, are or may be permanent and progressive and that the recovery from said damages, injuries or illnesses is uncertain and indefinite, and in entering into this Agreement is not relying on any statement of Released Parties with respect to the nature, extent or duration of said injuries. Pepper further declares and represents that no promise, inducement, or agreement not herein expressed has been made to induce entry into this Agreement.

6. Pepper agrees to assume responsibility for any and all outstanding claims, liens, payment obligations and assignments, known or unknown, including Medicare liens, Medicaid liens and medical liens from any medical provider or health care provider (collectively "liens"), from the proceeds on this settlement. The undersigned covenants and warrants that all such liens have been disclosed in writing to the Released Parties prior to the settlement. In the event that any known or unknown liens exist, the undersigned agrees to indemnify, defend and hold harmless the Released Parties for all such liens.

7. Brett Michael Pepper declares and affirms that he is the duly appointed next friend of McKenzie Pepper with the power and authority to execute this Agreement.

8. To the extent any funds are placed in trust, either formally or informally for Pepper, Pepper shall acknowledge tender of the settlement draft as full satisfaction of Defendants' obligation and shall agree to release and hold harmless these defendants from any claims related to, or in any way associated with the management, oversight, and custody of such funds until released in whole or in part to Pepper.

9. General Provisions:

   A. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

   B. This Agreement and the rights of the parties shall be construed and performed in accordance with the laws of the State of Michigan.

   C. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior agreements and representations, whether oral or written by either party or representative of either party.

   D. The parties hereby represent, acknowledge and warrant that they have entered into this Agreement of their free will and accord and, relying upon their own judgment and the advice of their counsel, and they have not been induced to enter into this Agreement by any statement, act or representation of any kind or character on the part of the other, except as set forth herein.

E.     The parties hereby approve and ratify the actions of their attorneys of record in executing the Stipulation for Dismissal with prejudice to be entered in the lawsuit referenced herein.

F.     This agreement may be executed in counterparts which together shall constitute one and the same instrument and shall be binding upon all the parties hereto and their respective heirs, personal representatives, successors and assigns.

IN WITNESS WHEREOF we set our hand and seal this _____ day of _____, 2021.

STATE OF MICHIGAN    )
                                    ) SS.
COUNTY OF               )

_____
Brett Michael Pepper, as Next Friend of McKenzie Pepper

On this \_\_\_\_\_ day of _____, 2021 before me personally appeared Brett Michael Pepper, as Next Friend of McKenzie Pepper and made oath that he has read the foregoing Mutual Release Agreement by his subscribed, knows the contents thereof, and that he has signed the same as his own free act and deed.

_____
NOTARY PUBLIC

IN WITNESS WHEREOF we set our hand and seal this _____ day of _____, 2021.

STATE OF MICHIGAN    )
                                  ) SS.
COUNTY OF                  )

                                                   _____
                                                   Cody Adkins

On this _____ day of _____, 2021 before me personally appeared Cody Adkins and made oath that he has read the foregoing Mutual Release Agreement by his subscribed, knows the contents thereof, and that he has signed the same as his own free act and deed.

_____
NOTARY PUBLIC


IN WITNESS WHEREOF we set our hand and seal this _____ day of _____, 2021.

STATE OF MICHIGAN    )
                                  ) SS.
COUNTY OF                  )

                                                   _____
                                                   Dwayne Adkins

On this _____ day of _____, 2021 before me personally appeared Dwayne Adkins and made oath that he has read the foregoing Mutual Release Agreement by his subscribed, knows the contents thereof, and that he has signed the same as his own free act and deed.

_____
NOTARY PUBLIC